IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:10cr63-WJG-RHW
CIVIL NO. 1:13cv271-WJG

ROBERT McCALL

ORDER

THIS CAUSE comes before the Court on the motion filed by Robert McCall [McCall] to vacate [35] his conviction pursuant to 28 U.S.C. § 2255. After due consideration of the record in this cause, the Court finds as follows.

McCall was charged in a two-count indictment with possession of material involving the sexual exploitation of children in Count 1, and with transportation of images depicting minor children engaging in sexual explicit conduct in Count 2. [1.] McCall entered a plea of guilty on December 6, 2010, to Count 1 of the indictment, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). [20.] Sentencing was held on April 29, 2011. [27.]

McCall claims that he is actually innocent of the crime, and that the exception for actual innocence to the statute of limitations imposed under the AEDPA is met in his case. [35, p. 1.] According to McCall, the decision in *National Fed. Of Indep. Bus. v. Sebelius*[1], establishes that the Court did not have jurisdiction over this case, because child pornography is not regulated under the Commerce Clause. [35, p. 2.]

McCall then sets forth an analysis of economic and non-economic activity and whether specific acts are regulated under the Commerce Clause. [35, pp. 3-7.] McCall asserts that his actions do not constitute criminal intent. [35, pp. 8-10.] He claims that he downloaded files by title only, and that most of those files do not meet the crime charged. [35, pp. 8-9.] He further

---

[1] ___ U.S. ___, 132 S.Ct. 2566 (2012).

claims that the automatic downloading of a video or picture based on the title of the file is not enough to form the "knowledge" element of the statute making the act a crime. [35, p. 9.]

According to the United States, McCall voluntarily waived his right to seek post-conviction relief under the terms of the plea agreement in this case. [36, pp. 2, 4.] In addition, the United States asserts that the motion is barred by the one-year statute of limitations. [36, p. 3.] Regarding the claim of innocence, McCall did not object to the factual recitation given by the United States during the guilty plea colloquy. [36, p. 4.] The applicable standard for showing actual innocence has not been shown in this case, according to the United States. [36, p. 5.] The United States also maintains that the interstate nexus element for each violation was satisfied in this case, establishing that the Court had jurisdiction in this case. (*Id.*)

The judgment in this case was entered on April 29, 2011. [28.] McCall was sentenced to 70 months imprisonment in the custody of the United States Bureau of Prisons [BOP]. [28, p. 2.] He did not file an appeal in this case. McCall filed his motion to vacate on June 26, 2013. [35.]

## Discussion

A petition brought pursuant to 28 U.S.C. § 2255 is subject to a one-year limitation period which begins on the latest of four possible dates for a federal prisoner to seek collateral review of his conviction and sentence. The only date relevant in this case is "the date on which the judgment of conviction becomes final." A prisoner's conviction becomes final generally upon the expiration of direct review or the time for seeking direct review. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). When a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388-9 (5th Cir. 2008). The judgment in this case was entered on April 29, 2011. [28.] Because no appeal was taken on the judgment, the

conviction became final on May 9, 2011, ten days after the judgment was entered. *Plascencia*, 537 F.3d at 388-9. Accordingly, McCall had until May 8, 2012, to timely file his petition under § 2255. He did not file his § 2255 motion until June 26, 2013, therefore, the motion is untimely. [35.]

    A. Tolling of Statute of Limitations

The one-year limitation is not a jurisdictional bar, however, and it can be tolled in appropriate circumstances. *United States v. Wynn,* 292 F.3d 226 (5th Cir. 2002). The burden of proving that the statute of limitations has been tolled is on the petitioner. *Phillips v. Donnelly,* 216 F.3d 508, 509-10 (original opinion), and 223 F.3d 797 (5th Cir. 2000) (opinion issued amending language on rehearing). McCall contends that his motion is based on "a new rule of constitutional law" which shows that he is an "actual innocent party, who has been subjected to a complete miscarriage of justice." [35, p. 1.] McCall claims that the new rule of constitutional law is that the Commerce Clause does not give Congress the power to regulate activities that are not commerce, commercial and economic. (*Id*.) He maintains that the act of downloading free "unseen-unknown file folders by title or search word only, not by thumbnail or picture" means that no commerce was involved, thereby making him innocent of the crime. [35, pp. 4-5.] The Fifth Circuit has determined that internet transmission is sufficient to satisfy the interstate commerce element. *See United States v. Runyan,* 290 F.3d 223, 239 (5th Cir. 2002), *reh'g denied* 37 F. Appx. 93 (2002) & *cert. denied* 537 U.S. 888. Consideration of similar attacks on other criminal statutes have not resulted in a finding that certain criminal statutes were unconstitutional based on the ruling in *Sebelius*. *Compare United States v. Broadus*, 515 F. App'x 352, 353 (5th Cir.) *cert. denied*, 134 S. Ct. 147 (2013) (arson); *United States v. Stager*, 2014 WL 229372 (5th Cir. 2014); *United States v. Alcantar,* 733 F.3d 143, 145 (5th Cir. 2013) (*Sebelius* has not changed the constitutional validity of 18 U.S.C. § 922); *United States v.*

3

*Looman*, 542 F. App'x 419 (5th Cir. 2013) *cert. denied*, 2014 WL 272180 (2014) (felon in possession of a firearm); *Stevens v. United States,* 2013 WL 3458152, *2–4 (rejecting petitioner's reliance on *Sebelius* and his argument that under § 2251(a) "his crimes were non-economic and completely intrastate, and thus, there is no valid authority by which Congress could regulate his conduct in this case.") The Fifth Circuit has found child pornography to be commercial in nature, and that Congress may lawfully prohibit intrastate possession of child pornography under the Commerce Clause because it has a substantial impact on interstate commerce. *United States v. Kallestad,* 236 F.3d 225, 231 (5th Cir. 2000).

The Court concludes that McCall has no basis to argue that he is factually innocent of violating § 2452(a)(4)(B), and finds that his habeas corpus attack on his conviction and sentence should be dismissed, with prejudice, as time-barred. This finding also results in a determination that McCall has no reason to claim that he is actually innocent of the crime or that the Court lacked a jurisdictional foundation for the case. Out of an abundance of caution, however, the Court will further consider the petition as follows.

    B.    <u>Waiver</u>

On December 6, 2010, McCall, appearing with his attorney, William Wendell Martin, entered a plea of guilty to this Court. [39.] At the hearing, McCall acknowledged that he understood that he was waiving several rights through his plea. [39, p. 7.]  In pertinent part, the parties to the hearing stated:

> Court: Under the Constitution and laws of the United States, you as a criminal defendant before this court have certain rights.  I'm sure Mr. Martin has gone over those with you, but I want to go over them with you because I want to be sure you know and understand what they are because when I finish, I'm going to ask you whether you waive those rights. Okay?
>
> Defendant: Yes, sir.
>
> Court: Do you understand that you are entitled to a trial by jury if you want one?

Defendant: Yes, sir.

* * *

Court: If you plead guilty and I accept your plea of guilty, you understand you're waiving all of these rights I've explained to you?

Defendant: Yes, Judge.

* * *

Court: All right. Now, it is my duty now to explain to you the nature of the charges contained in Count One of the indictment and the maximum possible punishment that I can give you if you plead guilty and I accept your plea.  Have you received a copy of the indictment?

Defendant: Yes, Judge.

Court: Have you gone over the charges made against you and any possible defenses you have with your lawyer?

Defendant: Yes, Judge.

Court: Well, I'm going to go over Count One with you because it's short, and I want to be sure there's no doubt in your mind what you're offering to plead guilty to. Count One says that on or about August 28th of last year in Jackson County in the Southern Division of the Southern District of Mississippi, you did knowingly possess at least one matter, specifically an Apevia tower computer which contained one or more visual depictions that had been shipped and transported using any means and facility of interstate and foreign commerce, or had been shipped and transported in and affecting interstate and foreign commerce, or was produced using materials which had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, or was produced using materials which had been shipped in and affecting interstate and foreign commerce, including by a computer the production of such visual depictions involving the use of a minor engaged in sexually explicit conduct and such visual depiction was of such conduct, all in violation of the federal law. Is there any doubt in your mind what you're offering to plead guilty to?

Defendant: No, Your Honor.

Court: You understand if you plead guilty and I accept your plea of guilty, I can sentence you to a maximum of not more than ten years and/or a $250,000 fine?  If I give you a period of incarceration, I can follow that with not less than five years or up to life of supervised release. If during any of the period of supervision you violate any of the terms of supervision, I can bring you back into federal court, send you back to the federal penitentiary to serve out the rest of your time. And I also have to make a hundred-dollar special assessment in this case. Do you understand?

5

Defendant: I understand.

Court: Has anyone promised you or forced you or in any other way coerced you to come here today for the purposes of entering a plea of guilty?

Defendant: No, Your Honor.

Court: Are you here freely and voluntarily and of your own accord?

Defendant: I am.

Court: I understand now that the government - - you've entered into an understanding with the government as evidenced by a memorandum, is that correct, and a supplement to it?

Defendant: Yes, sir.

Court: All right. I'm going to ask Ms. Haynes to give us the substance of the memo, please?

Ms. Haynes (AUSA): Your Honor, the plea agreement is contained in plea documents between the government and this defendant. One document is styled Plea Agreement, another one is the plea supplement which contains the specific terms of the plea agreement and the obligation of the government, and the third document is an agreed preliminary order of forfeiture.

    Within that agreement, this defendant has agreed to waive the right to appeal the conviction and sentence imposed in this case or the manner in which the sentence was imposed on any grounds under Section 3742, Title 18 of the United States Code. He has further waived the right to contest the sentence or the manner in which the sentence was imposed in any postconviction proceeding, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. He further waives any right to seek attorney fees under the Hyde Amendment. He further waives any right to request under the Freedom of Information Act any information concerning the investigation or any documents concerning this case. He further waives any rights under the Innocence Protection Act.

    Those are the terms of the - -

Court: Do you have that memorandum of understanding before you?

Defendant: Yes, Your Honor.

Court: Have you read it?

Defendant: I have, Your Honor.

Court: Have you discussed it with your lawyer?

Defendant: I have.

>Court: Have you signed it?
>
>Defendant: I have.
>
>Court: Has anyone made any promise to you or side agreement with you that's not included in that Memorandum of Understanding or the supplement or the forfeiture?
>
>Defendant: No, Judge.
>
>Court: Does the memorandum of understanding correctly contain the entire agreement reached between you and the government in this case?
>
>Defendant: Yes, Judge.
>
>Court: Mr. Martin, you agree with your client the memorandum of understanding correctly contains the entire agreement reached between the government and your client in this case, including the supplement and the forfeiture?
>
>Mr. Martin: Yes, your Honor.
>
>Court: All right. Mr. McCall, you understand now, I don't have to follow any government recommendation? I can sentence you to any sentence up to and including the maximum I've already explained to you, and you have waived your right to appeal it or to contest it in any post-conviction setting. Do you understand that?
>
>Defendant: I understand.

[ 39, pp. 7-13.]

"For a guilty plea to be constitutionally valid, it must be voluntary and knowing." *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). "Plea bargain agreements are 'contractual in nature and are to be construed accordingly. An informed and voluntary waiver of post-conviction relief is effective to bar such relief, and the appropriateness of such waivers in proper circumstances is beyond question.' " *United States v. Sanders*, 74 F. Supp. 2d 677, 681 (S.D. Miss. 1999) (internal citations omitted); *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). Statutory rights, including the right to appeal, can be waived as part of a plea bargaining agreement, and an informed and voluntary waiver of post-conviction relief will bar such relief under the proper circumstances. *See United States v. Melancon,* 972 F.2d 566, 567 (5th Cir.

1992); *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). Depending on the circumstances, a waiver may not always apply to collateral attacks based upon ineffective assistance of counsel. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied* 531 U.S. 919.

In this case, McCall stated under oath that he understood the charges against him, that he understood the maximum penalty, that he understood this court was not bound by any recommendation for sentencing submitted by the United States, and that he was satisfied with the performance of his attorney. [39, p. 6.] A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampazianie,* 251 F.3d 519, 524 (5th Cir. 2001); *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). The Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran,* 302 F.3d 279, 283–4 (5th Cir. 2002). McCall has not raised an ineffective assistance of counsel claim, and he affirmatively stated on the record that he had no complaints about his attorney's performance. Based on these findings, the Court concludes that McCall waived his right to collaterally attack his conviction in his plea agreement, and finds that the habeas petition should be dismissed, with prejudice.

A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *United States v. Cavitt,* 550 F.3d 430, 442 (5th Cir. 2008). Here, McCall's motion shows conclusively that he is entitled to no relief; accordingly, the motion will be denied without a hearing. Furthermore, the Court finds no grounds for granting habeas relief on McCall's claim and finds that the petition should be dismissed.

<u>Certificate of Appealability</u>

The Court reviewed McCall's claims and found that the claims lack merit. An appeal may

not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" [COA]. 28 U.S.C. § 2253(c)(1)(A); *see Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

To warrant a grant of a COA as to claims when "a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Brown v. Thaler*, 684 F.3d 482, 487 (5th Cir. 2012), *cert. denied* 133 S.Ct. 1244 (2013). The Court concludes that reasonable jurists could not debate the denial of McCall's § 2255 motion on any grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El,* 537 U.S. at 327. Accordingly, the Court finds that McCall is not entitled to a COA. The Court further finds no grounds for granting habeas relief on McCall's claims. It is therefore,

ORDERED that McCall's motion to vacate [35] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED that McCall is not entitled to a certificate of appealability. It is further,

ORDERED that this cause be dismissed with prejudice.

ORDERED this the 19th day of March, 2014.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE

9